IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil No. 3:08-cv-00136-RV-EMT |
| ) | |
| PINNACLE QUEST INTERNATIONAL et al., | |
| ) | |
| ) | |
| Defendants. ) | |

### ORDER

The defendants have moved to alter or amend the order entered herein on May 15, 2008, which granted the government's motion for a preliminary injunction. (Doc. 49) The government has responded, and the defendants have filed a reply.

The defendants' motion alleges that there are errors of both fact and law in the preliminary injunction order, and that the injunction should not have been granted.  The defendants' factual argument is that the affidavits and deposition testimony in the record do not meet the evidentiary requirements for admissibility, and are only hearsay.  Therefore, argue the defendants, such evidence cannot support the Court's findings of fact.  Of course, that is not the law.  See, e.g., University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L.Ed.2d 175 (1981); Sierra Club, Lone Star Chapt. v. FDIC, 992 F.2d 545, 551 (5th Cir. 1993).  While the defendants' witness, Claudia Hirmer, did testify at the hearing held in this case, her credibility is for the judge to evaluate, based upon the

complete record. In many respects, I did not find her testimony to be credible, and that is reflected in my findings of fact.

The government concedes that the record does not specifically show that Pinnacle Quest International promoted SORCE's disenfranchisement scheme in its QI audio courses or at its conferences. Nevertheless, there is evidence in the record from which one can reasonably infer that the disenfranchisement scheme appears to be included among the presentations at PQI's conferences, and I have done so. To that extent, and only to that extent, are my prior findings of fact modified.

The defendants' arguments that the Court's conclusions of law are wrong do not have support in either the statutory law or the reported caselaw.

For these reasons, the defendants' motion must be, and is, DENIED.

DONE AND ORDERED this 19th day of June, 2008

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**