**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No.: 3:08-cv-136-RV-EMT

PINNACLE QUEST INTERNATIONAL et al.,

    Defendants.
_____/

## ORDER

    This case involves, at bottom, an alleged tax avoidance scheme. On May 15, 2008, following an evidentiary hearing and over the defendants' objections, I entered a preliminary injunction, enjoining the defendants from engaging in certain activities and conduct. The defendants subsequently moved for reconsideration, which was denied, after which they filed an interlocutory appeal in the Eleventh Circuit. Now pending is the defendants' motion for a stay pending that appeal (doc. 76).

    A stay pending appeal is "an exceptional response granted only upon a showing of four factors: 1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir. 1986) (citation omitted). Ordinarily, the first factor is the most important and will require the movant to demonstrate that the mandate being appealed was clearly erroneous. *Id.* Obviously, I do not believe that my order granting the preliminary injunction was clearly erroneous, as evidenced, if nothing else, by my twice considering and rejecting defense arguments to the contrary. Nevertheless, case law provides that the defendants may have their motion to stay granted upon a lesser showing of a "'substantial case on the merits [if] the balance of the equities [factors 2, 3, and 4] weighs heavily in favor of granting the stay.'" *See id.* (*quoting Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981)).

Although it is a close case, I believe the defendants have made such a showing.

First, I am persuaded that defendants have shown irreparable injury absent a stay. To point to just one example, they have argued that the injunction (which, *inter alia*, precludes them from selling their audio CDs and tickets to tax-related conferences) operates to deprive them of certain constitutional freedoms which, even for minimal periods of time, will constitute irreparable injury. *See, e.g., Elrod v. Burns,* 427 U.S. 347, 373-74 (1976). While the government argues that there will be no constitutional deprivation "because the injunction only prohibits the defendants from engaging in false, commercial speech or speech that incites lawless behavior," the argument proves too much for the parties strongly disagree as to whether the defendants' conduct *qualifies* as false or lawless behavior in the first instance. If it does not, as the defendants have argued, a favorable decision by the Eleventh Circuit will end this litigation.

The government argues that it will be substantially harmed by a stay because if the defendants are permitted to sell and distribute their tax-related materials, then it "could potentially decrease revenue to the United States." This argument is very attenuated and further undercut by the fact that the appeal has been expedited in the court of appeals. I do not believe there is compelling evidence that the government will be substantially harmed if the stay is granted.

Finally, I believe the public interest weighs in favor of granting the stay. The government impliedly concedes that the defendants *may* "not presently" be offering any fraudulent tax schemes. According to the declaration of Claudia Hirmer, to the best of her knowledge and belief, the Q1 audio CDs have been excised to remove any mention of objectionable speakers or topics. If that is so, the defendants not only have the constitutional right to sell their CDs and tickets to the seminars, but members of the public have the right to listen and attend should they so choose.

In conclusion, while I continue to believe that the preliminary injunction was properly entered, I am sympathetic to the defendants' arguments.[1] In light of the

---

[1] I believe the injunction was appropriate even though --- as the government appears to concede --- the United States may have improperly argued in its motion for injunction that "traditional equitable factors are not necessary to obtain an injunction under 26 U.S.C. § 7408 for a violation of section 6700." *See* Doc. 93 at 6 n.5 (citing *United States v. Kahn,* 164 Fed. Appx. 855, 858-59 (11th Cir. 2006)). Even if those

potential for irreparable injury (including the deprivation of constitutional freedoms), the lack of substantial harm to the government, and the public interest element to this case, I believe a stay is appropriate. This is particularly so in light of the fact that if the defendants prevail in the interlocutory appeal, it should end this litigation. And, as noted, that appeal has been expedited.

     For these reasons, the defendants' motion to stay (doc. 76) is GRANTED. That portion of the injunction entered requiring a copy thereof to be provided to all present and former PQI customers and to be displayed on all websites over which PQI, its Executive Council members, and SPI have control that pertains in any way to PQI products or services offered by PQI vendors or SPI; and requiring that PQI, its Executive Council members and SPI provide to counsel for the United States a list of all speakers who will make any presentation of any duration at a conference organized by PQI, its Executive Council members, or SPI, is hereby STAYED pending resolution of the defendants' appeal to the Eleventh Circuit.

     DONE and ORDERED this 8th day of August, 2008.

                                /S/ *Roger Vinson*
                                ROGER VINSON
                                Senior United States District Judge

---

traditional factors are indeed necessary, the government adequately demonstrated in its motion why those factors favored entry of an injunction.