**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                   Case No.: 3:08-cv-136-RV-EMT

PINNACLE QUEST INTERNATIONAL,
CLAUDIA HIRMER, et al.,

    Defendants.
_____/

## ORDER

Now pending is the defendants' motion to stay or abate pending resolution of criminal investigation (doc. 107), and their "Expedited Joint Motion" to stay (doc. 114)..

**I.    Background**

In this civil action, the United States charges several corporate and individual defendants with participating in an alleged tax evasion scheme. On May 15, 2008, after an evidentiary hearing during which one defendant (Claudia Hirmer) testified, I entered a preliminary injunction in favor of the government. The defendants filed an appeal in the Eleventh Circuit, and I later granted the defendants' motion to partially stay the injunction while the case was pending in the Court of Appeals. Since then, certain of the individual defendants have been arrested (and it is to be expected that other individuals will be arrested at some point in the near future) on criminal charges relating to the alleged tax evasion scheme. The government has refused to grant the defendants immunity in the civil case, so the defendants move to stay or abate the civil case pending resolution of the criminal action. They essentially argue that, in the absence of immunity, "there is a substantial hazard of self-incrimination that is real and not remote or speculative."

## II.     Discussion

It is unquestioned that this court has the power to stay a civil proceeding due to an active, parallel criminal investigation.  *See, e.g.,* *S.E.C. v. Healthsouth Corp.,* 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) (citing cases). Indeed, if there is a "civil enforcement action that proceeds in parallel with a related criminal proceeding, it is often appropriate to stay the civil action pending resolution of the criminal proceedings." *S.E.C. v. Tandem Management,* 2001 WL 1488218, at *4 (S.D.N.Y. Nov. 21, 2001) (citing cases); *see also Ostrow v. United States,* 1986 WL 6855 (M.D. Fla. Jan. 13, 1986) (concluding that, in civil tax case where the defendant was also subject to a criminal investigation involving the same matters: "in order to balance the government's interest in tax collection against the Plaintiff's constitutional rights, this Court abates these proceedings until the criminal aspects of this case are closed."). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Texaco Inc. v. Borda,* 383 F.2d 607, 608 (3d Cir.1967); *accord Landis v. North American Co.,* 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936). Ultimately, a district court should "stay a civil proceeding pending resolution of a related criminal prosecution . . . when 'special circumstances' so require in the interests of justice." *United States v. Lot 5, Fox Grove, Alachua County, Fla.,* 23 F.3d 359, 364 (11th Cir. 1994) (quoting *United States v. Kordel,* 397 U.S. 1, 12 & n.27, 11, 90 S. Ct. 763, 25 L. Ed. 2d 1 (1970)). In deciding whether special circumstances warrant a stay in the interests of justice, the Court of Appeals for the Ninth Circuit and district courts within the Eleventh Circuit have agreed on the factors to consider:

> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." This means the decisionmaker should consider

> "the extent to which the defendant's fifth amendment rights are implicated." In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324-25 (9th Cir. 1995) (citations omitted); *see also Scheuerman v. City of Huntsville, AL,* 373 F. Supp. 2d 1251, 1257 (N.D. Ala. 2005) (noting same factors); *Healthsouth Corp., supra,* 261 F. Supp. 2d at 1326 (same). Some courts consider additional factors such as the extent to which the issues in the criminal and civil cases overlap, the status of the cases, including whether the defendant has been indicted. *Walsh Securities, Inc. v. Cristo Property Management, Ltd.,* 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998). "The degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding." *Healthsouth Corp., supra,* 261 F. Supp. 2d at 1326.

After applying all of the above factors, I easily conclude that a stay is appropriate. Briefly, as for the "most important threshold issue," it appears to be undisputed that there is significant overlap between the two cases. *Compare* Complaint in 3:08cv136 (doc. 1) *with* Indictment in 3:08cr79 (doc. 4). The cases share the same operative facts, arise out of the same general allegations, and involve many of the same defendants. The criminal case is underway and arrests have already been made. Because testimony and other information in the civil case may be used in the criminal case, it is plain that the defendants fifth amendment rights are implicated. As for the five additional factors, they, too, weigh in favor of a stay. There is no discernable prejudice to the government in staying this case. As noted, the defendants are already enjoined from engaging in the offending conduct. The offending audio CDs have been removed from

*Case No.: 3:08-cv-136-RV-EMT*

the "Q1 course," for example, and the defendants are not allowing any presenters to speak who may promote or sell abusive tax shelters. Further, given the very real potential for a fifth amendment violation, the burden imposed on the defendants is significant. It would also be the most efficient use of judicial resource to stay this case given that, *inter alia*, the injunction is being considered on an expedited appeal in the Eleventh Circuit (briefing is already underway) and, if the defendants prevail in that appeal, that may well end the civil case. And finally, in light of the injunction, neither the parties nor the public has a special or particular interest in having the civil case decided before or contemporaneously with the criminal case.[1]

---

[1] The government argues that Claudia Hirmer waived her fifth amendment rights when she testified at the preliminary injunction hearing. Assuming *arguendo* that Hirmer completely waived her privilege against self incrimination by taking the stand and testifying as to the specific and limited facts that were relevant to the injunction issue, none of the other twelve defendants in the criminal case testified at the hearing, and thus they did not waive their fifth amendment rights.

*Case No.: 3:08-cv-136-RV-EMT*

### III.     Conclusion

For these reasons, the motions to stay or abate (docs. 107, 114) are GRANTED. This case is hereby STAYED until resolution of the criminal case (3:08-cr-79/MCR), assuming the appeal pending in the Eleventh Circuit does not dispose of this case before that time.

DONE and ORDERED this 11th day of September, 2008.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge